UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN H. BEALE,

Plaintiff,

v.

REDBUBBLE, INC., a Delaware Corporation,
DOES 1-10,
TP APPAREL, LLC, a New York Limited Liability Company, individually doing business as teepublic.com,

Defendants.

---

**DECISION and ORDER**

**22-CV-203LJV(F)**

APPEARANCES:

FINNERTY OSTERREICHER & ABDULLA
Attorneys for Plaintiff
KARIM A. ABDULLA, of Counsel
70 Niagara Street, Suite 411
Buffalo, New York 14202

SIMON LESSER PC
Attorneys for Defendants
LEONARD F. LESSER, of Counsel
100 Park Avenue, 16th Floor
New York, New York 10017

DURIE TANGRI, LLP
Attorneys for Defendants
ALLYSON R. BENNETT, of Counsel
953 East 3rd Street
Los Angeles, California 90013

**JURISDICTION**

By order of Hon. Lawrence J. Vilardo dated June 22, 2022, this case was referred to the undersigned for all non-dispositive matters. The matter is presently before the court of Defendant TP Apparel, LLC's motion to dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3) and Defendant Redbubble, Inc.'s motion, pursuant to

28 U.S.C. § 1404(a), for transfer of this action to the Northern District of California or, alternatively, to the Southern District of New York. Defendant TP Apparel also joins Defendant Redbubble's motion to transfer.[1]

**BACKGROUND and FACTS**[2]

Defendant TP Apparel's motion to dismiss ("Defendant TP Apparel motion") (Dkt. 12), was filed July 30, 2022, together with the Declaration of Thomas Wood (Dkt. 12-1) ("Wood Declaration") ("Defendant TP Apparel"); Defendant Redbubble's motion for transfer (Dkt. 13), was filed August 1, 2022, together with the Declaration of James Toy, Dkt. 13-3, ("Toy Declaration"), along with Exhibits A – E ("Exh(s). ___ to Toy Declaration"). On September 9, 2022, Plaintiff filed Plaintiff's Memorandum Of Law In Response And Opposition To Defendant TP Apparel LLC's Motion To Dismiss And Defendant's Joint Motion To Transfer (Dkt. 17) ("Plaintiff's Memorandum"). On September 16, 2022, Defendant TP Apparel filed Defendant TP Apparel LLC's Reply Memorandum Of Law In Support Of Motion For Improper Venue Pursuant to Fed.R.Civ.P. 12(b)(3) And 29 U.S.C. § 1400(a) (Dkt. 18) ("Defendant TP Apparel's Reply"); on the same date, Defendant Redbubble filed its Reply Memorandum Of Law In Support of Redbubble, Inc.'s Motion To Transfer (Dkt. 19) ("Defendant Redbubble's Reply"). Oral argument was deemed unnecessary.

Defendant TP Apparel, a wholly owned subsidiary of Defendant Redbubble, Inc., ("Redbubble"), is a Delaware corporation, with its principal place of business in the

---

1 Motions to transfer pursuant to § 1404(a) are non-dispositive; motions to dismiss for improper venue are dispositive. *See E.C.C. Movers LLC v. FairPoint Communications, Inc.*, 2019 WL 1936322, at *1 n. 1 (W.D.N.Y. May 1, 2019) (citing caselaw).

2 Taken from the pleadings and papers filed in connection with this case.

Southern District of New York.  Defendant Redbubble is also a Delaware corporation with its place of business in the Northern District of California, and is a subsidiary of Redbubble Limited, an Australian public company.  Both Defendants provide global on-line marketplaces or platforms which enable artists of creative works, including photographs, to facilitate sales of their respective works or products to customers world-wide.  In this case, the Accused Product sold on Defendant TP Apparel's platform is alleged to be stickers portraying an iconic photograph of Mr. Fred Rogers and officer Francois Clemmons, a character in Mr. Rogers's famous television show ("the Rogers photograph"), dipping their feet in a pool of water ("the stickers"), for which photograph Plaintiff alleges he is a copyright owner.  Using third-party manufacturers or "fulfillers," which are connected to the artists through the Defendants' platforms, sellers are able to have their creative works imprinted on everyday products such as apparel, stationary, stickers, housewares, bags and wall art, which items are also provided by fulfillers for the stickers.  The fulfiller for the stickers in this case is located in Iowa.  Defendants' platforms also enable such sellers to connect with the third-party fulfillers who print and package the imprinted products as purchased by a customer that are then picked up by third-party shippers who in turn deliver finished products to the sellers' on-line customers.  The Defendants' platforms also provide sellers with access to third-party payment processors who collect the sale price for the product as payments to respective sellers.  The entire process, according to Defendants, is directed by the seller's interaction with an intended customer who has accessed Defendants' platforms and the respective fulfillers or manufacturers and delivery companies.  In this case, the seller, located in Vietnam, made two sales of the stickers using TP Apparel's platform

(known as the Tee Public platform) for a total sale price of $4.50, one sale to Plaintiff, who resides in Pittsburgh, Pennsylvania, and one sale to Plaintiff's counsel, in this district, at less than $3.00.

According to Defendants, Defendants do not design or upload the designs of the Accused Products, review or approve the content offered for sale by sellers, or the content provided by users prior to upload.  Nor do Defendants manufacture or deliver any Accused Products.  Plaintiff alleges Redbubble has reproduced the Rogers photograph on clothing, accessories and home goods through more extensive marketing and sales of the Accused Products involving 15 products featuring the photographs on Redbubble's website, made by different sellers to customers including Plaintiff.  Plaintiff specifically alleges Redbubble maintained 150 listings of various products using Plaintiff's copyrighted photograph.  *See* Complaint, Exh. D, Dkt. 5-4 at 2-10.  Plaintiff contends that contrary to Defendants' assertions of neutrality with respect to the use by Sellers of Defendants' platforms to sell the Accused Products, Defendants were directly involved in the sales process for the Accused Products using Defendants' platforms and that Defendants are therefore guilty of direct, vicarious, and contributory infringement of Plaintiff's copyright.  According to Redbubble, of the ten third-party sellers with the most sales of Accused Products, four are located in California, and none are located in New York including in this district.  Three of the fulfillers of Accused Products sold on Redbubble's platform are located in California including in the Northern District.  Defendants also assert that the *Los Angeles Times* and a film production company, Tremolo Productions, may be the true owners of the photograph's copyright, and both are headquartered in the Northern District of California.

Redbubble's platform was designed and developed by Redbubble personnel employed in the San Francisco area and Australia as well as any Redbubble policies affecting the operation of the platform.  Thus, any infringing conduct Plaintiff alleges would have occurred in the San Francisco Bay Area, the State of Washington, and Australia, but not in this district.  Similarly, all documents related to Redbubble's platform, including potential infringement of Plaintiff's copyright, were created and maintained in the San Francisco Bay area.  Redbubble maintains a proactive policing activity for the purpose of assuring copyright compliance.  Five key witnesses for both Defendants are located in California.

## DISCUSSION

**TP Apparel's Motion to Dismiss**

Although, as noted, Background and Facts, *supra*, at 2, Defendant TP Apparel moves to dismiss for lack of proper venue as required in this action for copyright infringement by 28 U.S.C. § 1400(a), a dispositive request under 28 U.S.C. § 636(b)(1)(B) and (C), Judge Vilardo's referral order limits the undersigned's authority to non-dispositive matters, *see* Dkt. 7, which includes Defendant Redbubble's motion for transfer pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)"), a non-dispositive matter as well as Defendant TP Apparel's joinder in such motion.  *See* Dkt. 12 at 1, and Dkt. 1-2 at 11.  Accordingly, the court is unable to address Defendant TP Apparel's motion to dismiss; however, the court will address Defendant TP Apparel's alternative request to transfer by its joinder in Defendant Redbubble's motion for transfer pursuant to § 1404(a) as a

non-dispositive matter.  Defendant TP Apparel has consented to the jurisdiction and venue in the Northern District of California.  Dkt. 12-2 at 8 n. 2.

**Defendant Redbubble's Motion to Transfer**

Under § 1404(a), court first consider whether the action could have been brought in the transferee district.  *Moog, Inc. v. Newport Aeronautical, Inc.*, 2016 WL 3444238 at *2 (W.D.N.Y. June 23, 2016).  If the court finds this factor supports transfer the court then considers a variety of factors including (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; (7) the relative means of the parties; (8) judicial economy; (9) the forum's familiarity with applicable law; and (10) the interest of justice.  *Moog, Inc.*, 2016 WL 3444238 at *3.  "No one factor is determinative, nor is there a 'rigid formula for balancing these factors.'"  *Id*. (quoting *Citigroup, Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 561 (S.D.N.Y. 2000)).  In conducting this balancing test, the court enjoys "'broad discretion'" involving "'notions of convenience and fairness on a case-by-case basis.'" *Moog, Inc.*, 2016 WL 3444238 at *3 (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988))).  The burden is on the movant to show transfer is warranted and courts are required to give deference to a plaintiff's choice of forum.  *Id.* (citing cases).  The court first considers whether this action could have been brought in the Northern District of California as Defendants assert.

As to TP Apparel, although the Complaint does not indicate whether TP Apparel has relevant contacts within the Northern District of California, yet Plaintiff alleges TP Apparel's liability for contributory copyright infringement results exclusively "from its ownership and control by Redbubble," *see* Dkt. 5 ¶ 94; *see also* Toy Declaration ¶¶ 6, 8. Significantly, Redbubble has its principal place of business and conducts regular business operations in that district, a fact undisputed by Plaintiff. Moreover, TP Apparel has consented to venue in the Northern District of California. *See* Discussion, *supra*, at 5. Accordingly, the court finds the instant action could have been brought in the Northern District of California. The court turns to consideration of the relevant factors.

(1) Plaintiff's Choice of Forum.

In this case, Plaintiff's choice of forum is entitled to little weight for the reason that the only contact with this district is based on a single sale of an Accused Product to Plaintiff's counsel who maintains an office in this district. Such a single sale is, however, an insufficient basis for venue pursuant to § 1400(a) in this district. *See Smart Study Co., Ltd. v. TC Toy City Store,* 2021 WL 5987737 at *2 (S.D.N.Y. Dec. 17, 2021) (noting judicial "hostility towards finding jurisdiction under such potentially manufactured circumstances") (internal citations omitted); *Brownstone Investment Group LLC v. Bonner & Partners, LLC*, 2021 WL 3423253 at *3 (S.D.N.Y. Aug. 5, 2021) (no jurisdiction where "the only actual transaction plaintiff alleges is that of its paralegal"). Further, Plaintiff, who resides in Pittsburgh, does not reside in this district. Thus, although Plaintiff's choice of forum is generally entitled to deference, where the "forum chosen by the plaintiff is not the plaintiff's home district . . .," *Moog, Inc.*, 2016 WL

3444238 at *3 (citations omitted), such deference is diminished. Accordingly, this factor points toward transfer.

  (2)  Convenience of Witnesses.

  This factor is the most important factor. *Moog, Inc.*, 2016 WL 3444238 at *4. The court considers not only the number of witnesses but "the materiality, nature, and quality of such witnesses." *Travelers Property Casualty Company of America v. Ocean Reef Charters LLC,* 324 F.Supp.3d 366, 375 (W.D.N.Y. 2018) (quoting *Royal & Sunalliance v. British Airways*, 167 F.Supp.2d 573, 577 (S.D.N.Y. 2001)). In performing its assessment of this factor, the court weighs the convenience of third-party witnesses most heavily. *Moog, Inc.*, 2016 WL 3444238 at *4. Here, Defendant Redbubble asserts third-parties, based on Plaintiff's allegations regarding Tremolo Productions and the *Los Angeles Times*, both based in California, will provide evidence potentially vitiating Plaintiff's copyright at issue. *See* Dkt. 13-1 at 10-12. Defendants further assert that testimony by several sellers of the Accused Products located in California will be required on Plaintiff's contributory and vicarious copyright liability claims against Redbubble predicated on Plaintiff's allegations that Redbubble failed to exercise power to supervise persons within the scope of its control as host of the Redbubble marketplace platform used by the sellers. *See* Dkt. 13-1 at 12. Additionally, the Northern District of California would be more convenient to several key witnesses likely to be called by Plaintiff and Defendants on the underlying issues regarding the operation, *i.e.*, design, operation, functionality, and marketing aspects of the platform. *See* Dkt. 13-1 at 13-14 (listing five such witnesses including one witness, Mr. Drew Brosnan, employed by Redbubble and TeePublic Market Place). According to Plaintiff,

as neither Tremolo nor the *Los Angeles Times* has challenged Plaintiff's copyright, there is little likelihood that Defendants would prevail on Defendants' invalidity theory. Dkt. 17 at 20-21. However that such defense may arise in a copyright infringement lawsuit such as the instant action, begs the question of whether Defendants would in fact prevail on such theory. *See Montalvo v. Flywheel Sports, Inc.*, 2018 WL 7825362, at * 5 (S.D.N.Y. July 27, 2018) (observing in the context of awarding attorney fees in connection with a final settlement that had the defendant chosen to litigate, rather than settle, there were sound defenses on which the defendant may have prevailed). Plaintiff does not dispute that there are at least some fulfillers and sellers in the transferee district (Northern District of California) and none in New York State including this district. That there are such third parties in the Northern District of California and that this testimony may be relevant to Plaintiff's claims of contributory and vicarious infringement thus favors transfer. As such, this factor strongly supports transfer.

(3) Document Location and Access to Proof.

Although the advent of digital proof has made this factor of less consequence, courts nevertheless hold that the location of digital files in the proposed transferee district supports transfer. *See 1724982 Alberta ULC v. Park Ave. Wholesale, Inc.*, 2021 WL 3115125, at *6 (S.D.N.Y. July 20, 2021) (acknowledging diminished weight of this factor given portability of files in digital age but concluding notwithstanding such portability that presence of defendant's relevant documents and records in transferee forum slightly favored transfer). Plaintiff agrees that much of Redbubble's documents, *i.e.*, "discovery material," Dkt. 17 at 23, is located in the Northern District of California, and that TP Apparel's documents are located in the Southern District of New York, and

not in this district, but disagrees that this factor weighs even slightly in favor of transfer absent a showing that it would be infeasible to digitally send or transport any of the documents to the Western District of New York. Dkt. 17 at 24 (citing *Moog, Inc.*, 2016 WL 3444238 at *4). On balance, the court therefore finds this factor to be neutral.

(4) Convenience of Parties.

Convenience of the parties favors transfer when transfer will increase convenience to the moving party without generally increasing inconvenience to the non-movant party, *see Alberta, ULC,* 2021 WL 3115125 at *5 (citations omitted), yet, as here, where transfer would merely shift the relative inconvenience to Plaintiff, this factor disfavors transfer. *See Moog, Inc.*, 2016 WL 3444238 at *4 ("transferring the action to the Central District of California would significantly increase plaintiff's travel burden while essentially eliminating defendant's burden").

(5) Locus of Operative Facts.

Plaintiff does not dispute this significant factor favors transfer. *See* Dkt. 17 at 25. *See Steck v. Santander Consumer USA Holdings Inc.*, 2015 WL 3767445, at * 6 (S.D.N.Y. June 17, 2015) ("The locus of operative facts is a primary factor in determining whether to transfer venue.").

(6) Availability of Process.

Plaintiff asserts this factor is premature as Defendants have not indicated there are likely to be recalcitrant witnesses, Dkt. 17 at 25-26, and that videotaping depositions also militates against using this factor to support transfer. Accordingly, Plaintiff asserts this factor is at best neutral. Defendants counter arguing courts prefer live testimony.

Dkt. 19 at 7-8 (citing cases). Based on the competing contentions, the court assesses this factor as neutral.

(7) Relative Means of Parties.

While acknowledging Defendants have greater financial resources than Plaintiff, Dkt. 13-1 at 22, such factor "rarely" is used to determine a transfer issue. Dkt. 13-1 at 22 (citing caselaw). Nevertheless, Defendants point to the absence of any declaration by Plaintiff describing his financial capability to prosecute this action in California compared to this district as a ground to find this factor to be a neutral one as well. Dkt. 13-1 at 22. Plaintiff agrees that this factor typically is not given great weight in determining transfer, Dkt. 17 at 26, but argues that as in the present case where the competing parties involve an individual against a large corporation, the factor should weigh against transfer. However, because of the absence of any documentation as regards Plaintiff's financial capacity to sustain litigation in the Northern District of California, the court finds this factor is also neutral.

(8) Judicial Economy.

The civil docket of this district compared to that of the Northern District of California conclusively supports transfer. Specifically, the median time to disposition for this district is 14.2 months whereas that of the Northern District of California is 9.4 months, Dkt. 13-1 at 20-21; moreover, the Northern District of California has fewer cases per judge than does this district. *Id.* Plaintiff agrees but argues that Defendants' delay in filing the instant motion reflects a lack of concern for this factor, Dkt. 17 at 27, an assertion strongly opposed by Defendant Redbubble. *See* Dkt. 19 at 10 ("Neither

Redbubble nor TeePublic [TP Apparel] has dragged its feet.") The court finds this factor supports transfer.

(9) Forum Familiarity With Applicable Law.

The parties agree this factor is neutral. Dkt. 13-1 at 21; Dkt. 17 at 26; Dkt. 19 at 10.

(10) Interest of Justice.

Plaintiff argues that an overall balancing of the relevant factors disfavors transfer particularly where, as here, Plaintiff would be greatly inconvenienced by transfer. Dkt. 17 at 27.[3] Defendants maintain convenience of witnesses, availability of process, locus of operative facts, location of documents, convenience of parties and judicial economy all favor transfer thus rendering transfer in the interest of justice. Dkt. 13-1 at 22-23. This is especially true where, as here, the sole connection to this district is Plaintiff's counsel's three dollar purchase of a sticker portraying the copyrighted photograph at issue. *Id.* In sum, the court finds that Factors (1) (Plaintiff Choice of Forum), (2) (Convenience of Witnesses), (5) (Locus of Operative Facts), (8) (Judicial Economy), and (10) (Interest of Justice) all favor transfer; Factors (3) (Location of Documents), (6) (Availability of Process), (7) (Relative Means of Parties), and (9) (Familiarity With Applicable Law) are found to be neutral as to the question of transfer, whereas Factor 4 (Convenience of Parties), in the circumstances of this case disfavors transfer. Accordingly, the court concludes transfer to the Northern District of California should result.

[3] Plaintiff's reliance, Dkt. 17 at 6, on a David [Plaintiff] vs. Goliath [Defendants] comparison, bears recalling how that famous battle actually concluded.

## CONCLUSION

Based on the foregoing, Defendant Redbubble's motion to transfer (Dkt. 13), as joined by Defendant TP Apparel (Dkt. 12) is GRANTED; the Court takes no action on Defendant TP Apparel's motion to dismiss (Dkt. 12). The Clerk of Court is instructed to take all steps necessary to transfer this case to the Northern District of California.

SO ORDERED.

/s/ *Leslie G. Foschio*

______________________________
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates: October 19th, 2022
Buffalo, New York